FILED
DEC 11 2018
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE WESLEY OVERTON,<br><br>               Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>               Defendant. | Case No.: 3:17-cv-00025-BEN-BLM<br><br>**ORDER GRANTING MOTION FOR ATTORNEY FEES**<br><br>[Doc. No. 25.] |

Before this Court is a Motion for Attorney Fees, filed by counsel for Plaintiff, Stuart T. Barasch. The Motion seeks fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. For the reasons stated below, the Motion is **GRANTED**.

## BACKGROUND

On January 6, 2017, Mr. Lee Welsey Overton ("Plaintiff"), represented by Stuart T. Barasch, brought this action appealing the denial of social security benefits. (Doc. No. 1.) On March 27, 2018, after reviewing Magistrate Judge Major's Report and Recommendation ("R&R") (Doc. No. 21), and the Parties' cross-motions for summary judgment, the Court adopted the R&R, ruled in favor of Mr. Overton on Summary Judgment, and remanded the matter for further proceedings. (Doc. No. 24.)

On June 22, 2018, Plaintiff's counsel filed a Motion for Attorney Fees pursuant to

1

the Equal Access to Justice Act ("EAJA"), seeking $8,491.94 in fees[1], $17.24 in expenses, and $400.00 in costs pursuant to 28 U.S.C. § 1920. (Doc. No. 25.) On July 9, 2018, Defendant filed its response in opposition to Plaintiff's motion. (Doc. No. 26.) On July 24, 2018, Plaintiff's counsel filed a reply in support of its motion. (Doc. No. 28.)

## STANDARDS

The United States Court of Appeals for the Ninth Circuit has succinctly stated the legal standard for an award of attorneys' fees under the Equal Access to Justice Act ("EAJA") as follows:

> EAJA provides that a court shall award to a prevailing party other than the United States fees and other expenses incurred by that party in any civil action unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. It is the government's burden to show that its position was substantially justified. Substantial justification means justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person. Put differently, the government's position must have a reasonable basis both in law and fact. The position of the United States includes both the government's litigation position and the underlying agency action giving rise to the civil action. Thus, if the government's underlying position was not substantially justified, we must award fees and need not address whether the government's litigation position was justified.

*Tobeler v. Colvin*, 749 F.3d 830, 832 (9th Cir. 2014) (citations, quotation marks, and alterations omitted).

When awarding attorneys' fees under the EAJA, the court should reimburse the prevailing party only for those fees which are reasonably expended by that party's counsel. *See* 28 U.S.C. § 2412(d)(2)(A) (2012). The prevailing party bears the burden of proving the reasonableness of his request through sufficiently detailed accounts of hours expended on particular tasks so that the court can evaluate his application. *See Hensley v.*

---

[1] Plaintiff's counsel seeks to add an additional "1.5 hours for drafting the reply brief for a total request of $295.19 ($196.79 x 1.5) (note 2017 being used as it was used in the original petition for 2018) + $8,491.94= $8,787.13." (Doc. No. 28 at 8.)

2

3:17-cv-00025-BEN-BLM

*Eckerhart*, 461 U.S. 424, 437 (1983). Generally, if the court reduces a fee application it must provide a reason; however, "a district court can impose a reduction of up to 10 percent—a 'haircut'—based purely on the exercise of its discretion and without more specific explanation." *Costa v. Comm'r of Soc. Sec.*, 690 F.3d 1132, 1135 (9th Cir. 2012) (citing *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)).

## DISCUSSION

### I. Prevailing Party

A plaintiff is a prevailing party if she has "succeeded on any significant issue in litigation which achieve[d] some of the benefit ... sought in bringing suit." *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993) (quoting *Texas State Teachers Assoc. v. Garlard Indep. Sch. Dist.*, 489 U.S. 782, 791-92 (1989)). Under the EAJA, attorney's fees are to be awarded to a party winning a sentence-four remand unless the Commissioner shows that his position with respect to the issue on which the district court based its remand was "substantially justified." *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002) (citing *Flores v. Shalala*, 49 F.3d 562, 568-69 (9th Cir. 1995)). Here, because the Court granted the Plaintiff's Motion and issued an Order remanding this matter back to the Commissioner for further administrative proceedings, Plaintiff is a prevailing party. (Doc. No. 25-1 at 9.)

### II. Substantial Justification

Under the EAJA, the prevailing party is entitled to attorney's fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The government bears the burden of proving that its position, both in the underlying administrative proceedings and in the subsequent litigation, was substantially justified. *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). The government must establish that it "had a reasonable basis both in law and fact" for its conduct. *Sampson v. Chater*, 103 F.3d 918, 921 (9th Cir. 1996). The reasonableness standard is met if the government's position is "justified in substance or in the main" or "to a degree that could satisfy a reasonable

person." *Gutierrez v. Barnhart,* 274 F.3d 1255, 1258 (9th Cir. 2001) (citation and quotation marks omitted); *Lewis,* 281 F.3d at 1083. The government must justify both the original agency action and its litigation position. *Gutierrez,* 27A F.3d at 1259.

In this case, the government's position was not substantially justified. The District Court determined that the ALJ erred by ignoring Dr. Vargas's opinion; failing to account for moderate limitations in Plaintiff's concentration, persistence, and pace thereby reducing his RFC to 'Simple' Work; failing to accurately apply Plaintiffs 100% VA disability rating; and discounting Plaintiffs testimony regarding his limitations.

Thus, for the reasons stated above and more clearly in this Court's Order adopting the Report and Recommendation (Doc. No. 24), the Commissioner was not substantially justified in defending the ALJ's decision during this litigation. Accordingly, the Plaintiff is entitled to an award of attorneys' fees pursuant to EAJA, provided that they are reasonable.

### III. Special Circumstances

The government bears the burden of demonstrating that no special circumstances exist that make the award unjust. 28 U.S.C. § 2412(d)(1)(A); *Jawad v. Barnhart,* 370 F. Supp. 2d 1077, 1079 (S.D. Cal. 2005) (citing *Yang v. Shalala,* 22 F.3d 213, 217 (9th Cir. 1994)). The special circumstance exception applies when the case involves a novel but credible interpretation of the law, an issue on which reasonable minds could differ, or an important and doubtful question. *Grayson Elec. Co. v. NLRB,* 951 F.2d 1100, 1103 (9th Cir. 1991). Here, Defendant did file an Opposition opposing the number of hours sought by Plaintiff's counsel as excessive. (*See* Doc. No. 26.) However, Defendant does not allege any novel questions of law or special circumstances exist. (*Id.*) Furthermore, Plaintiff's Motion asserts there are no special circumstances present. (Doc. No. 25-1 at 4.) Thus, the Court finds that there are no special circumstances that would make an award of fees unjust.

///

///

## IV. Reasonable Attorney's Fees

The amount of fees awarded shall be based upon prevailing market rates for the kind and quality of the services provided. 28 U.S.C. § 2412(d)(2)(A).

### *i. Reasonableness of Hours*

The party seeking an award of fees has the burden of demonstrating that the requested hours are appropriate and reasonable. *Hensley v. Eckhart*, 461 U.S. 424, 437 (1983). "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation...." (*Id.* at 435.) Hours that are excessive, redundant, or otherwise unnecessary should be excluded. (*Id.* at 434.) Plaintiff's counsel provides that he expended a total of 38.1 hours in this matter and seeks attorneys' fees at a rate of $192.68 per hour for work in 2016, $196.79 per hour for work in 2017, and $200.78 per hour for work in 2018.[2] (Doc. No. 25-2 at 5.)

The Defendant objects to the amount of attorneys fees sought by the Plaintiff's counsel. (Doc. No. 26 at 2.) Defendant argues the hours requested by Plaintiff are excessive because the issues presented were commonplace disability matters, the transcript was of normal length, and Plaintiff's counsel as well as at least two of the other lawyers he had assisting in this matter are all experts in disability law. (*Id.* at 6.)

In Reply, Plaintiff's counsel contends that this case was complex, requiring excessive briefing, and was not "simple" as Defendant eluded in the Opposition. (Doc. No. 28 at 2.) What's more, counsel asserts that "there is some consensus among the district courts that 20-40 hours is a reasonable amount of time to spend on a social security case that does not present particular difficulty." *Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1215, n. 2 (N.D. Cal. 2000)).

The Court rejects the Defendant's argument that the hours requested by Plaintiff's

---

[2] Plaintiff is entitled to the cost-of-living adjustment to the statutory hourly rate pursuant to the EAJA and *Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005).

counsel are excessive and unjustified by the nature of this case. In light of the amount of time that social security cases generally take, the claimed hours here are reasonable. *See Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (noting "[m]any district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases"); *see also Thompson v. Colvin*, No. 2:12-cv-01850-AC, 2015 WL 1767733, at *2 (E.D. Cal. Apr. 16, 2015) (findings 63.4 hours to be reasonable); *Boulanger v. Astrue*, No. 2:07-cv-0849-DAD, 2011 WL 4971890, at *2 (E.D. Cal. Oct. 19, 2011) (finding 58 hours to be a reasonable amount of time); *Valleyjo v. Astrue*, No. 2:09-cv-03088-KJN, 2011 WL 4383636, at *5 (E.D. Cal. Sept. 20, 2011) (finding 62.1 hours to be reasonable).

Given that Plaintiff's Motion applies the correct hourly rate for the years 2016, 2017, and 2018, and the number of hours sought is reasonable, the Court grants the Motion for 38.1 hours of attorney's fees totaling $7,524.53.

*ii. Paralegal Fees*

Plaintiff also seeks 8 hours of paralegal fees at a rate of $125.00 per hour for a total of $1,000. (Doc. No. 25-2 at 5.) The EAJA permits compensation for paralegals that are in line with rates "in the community for similar services by paralegals of reasonably comparable skill, experience, and reputation." *Nadarajah v. Holder*, 569 F.3d 906, 918 (9th Cir. 2009); *Richlin Sec. Serv. V. Chertoff*, 553 U.S. 571, 578, 588-89 (2008) (paralegal fees may be awarded at prevailing market rates under the EAJA).

Although there is no objection to the requested paralegal rate, the Court still must determine whether it is reasonable for purposes of the EAJA. *See Hampton v. Colvin*, No. 13-cv-04624-MEJ, 2015 WL 1884313, at *5 (N.D. Cal. Apr. 23, 2015) (assessing the reasonableness of plaintiff's requested paralegal rates despite lack of objection from the Commissioner). While Plaintiff has provided no evidence to support the reasonableness of the requested paralegal rate, despite it being his burden to do so, the Court looks to the *United States Consumer Law Attorney Fee Survey Report* ("Report") to determine the market rate for paralegals. *See Uhl v. Colvin*, No. 1:13-cv-01303-SMS, 2016 WL

3361800 (E.D. Cal. June 16, 2016) (finding an award reasonable based on figures provided in Report); *Schneider v. Soc. Sec. Admin.*, No. 2:12-cv-01375-JAD-GFW, 2014 WL 4251590, at *3 (D. Nev. Aug. 27, 2014) (same). The Report provides that the medium hourly rate for all paralegals in San Diego, California is $100.00.[3]

In light of Plaintiff's counsel's lack of evidence as to the skill, experience, and reputation of the paralegals, the Court finds the hourly rate of $100 as an appropriate amount for the expended paralegal time in this case. *See Martinez v. Colvin*, No. 14-cv-3043-BTM-WVG, 2017 WL 766665, at *9 (S.D. Cal. Feb. 27, 2017) (*sua sponte* reducing paralegal rate where Plaintiff failed to support the requested rate because he "provided no information regarding the experience, skills, or reputations of the paralegals who worked on this matter"); *Denepita v. Colvin*, No. 1:13-cv-0000846-JLT, 2014 WL 5242496, at *4 (E.D. Cal. Oct. 14, 2014) (same). Based on the foregoing, the Court awards Plaintiff the requested 8 hours of paralegal time at the hourly rate of $100.00 for a total of $800.00.

## V. Costs

A prevailing party may also recover expenses necessary for the preparation of the case. 28 U.S.C. § 2412(d)(2)(A). Plaintiff requests reimbursement in the amount of $17.24 for the certified mailing of the summons and complaint to the Defendant. (Doc. No. 25 at 1.) Plaintiff further requests reimbursement in the amount of $400.00 for the filing fee to initiate this action. (*Id.*) In his Motion, Plaintiff attached records from Plaintiff's counsel's firm database. (*See* Doc. No. 25, Exh's D, E.) The database records include entries for the filing fee and for the certified mailing of the summons and complaint. (*See Id.*) Thus, because Plaintiff has provided adequate documentation for such expenses, the Court grants reimbursement costs in the amount of $417.24.

///

---

[3] *United States Consumer Law Attorney Fee Survey Report* 2015-2016, pp. 187 (R.L. Burdge 2018).

7

## VI. Attorney's Fees for Litigating the Pending Motion

Plaintiff, in the Reply, seeks an additional 1.5 attorney hours for time spent drafting Plaintiff's Motion and Memorandum. (Doc. No. 28 at 8.) Because the Commissioner's position was not substantially justified, the Plaintiff is entitled to attorneys' fees for the pending litigation. *See Love v. Reilly*, 924 F.2d 1492, 1497 (9th Cir. 1991) ("[U]nder the EAJA, the prevailing party is automatically entitled to attorney's fees for any fee litigation once the district court has made a determination that the government's position was not substantially justified." (citing *Immigration & Naturalization Serv. v. Jean*, 496 U.S. 154, 160-61 (1990))). The 1.5 hours expended preparing the Plaintiff's Reply appears reasonable and not duplicative. Therefore, Plaintiff is entitled to an additional 1.5 attorney hours at a rate of $200.78, for a total of $301.17.

## VI. Assignment of Rights to Counsel

Finally, Plaintiff requests that payment of the EAJA award be made directly to Plaintiff's counsel based on a Waiver of Direct Payment of EAJA fees signed by Plaintiff. (See Doc. No. 25, Exh. F.) According to the EAJA, fees and other expenses shall be assigned to the prevailing party. 28 U.S.C. § 2412(d)(1)(A). The U.S. Supreme Court has considered whether this provision of the EAJA makes a fee payable to the prevailing party or the attorney. *Astrue v. Ratliff*, 560 U.S. 586, 588-89 (2010). In *Ratliff*, the Court highlighted the absence of language in EAJA explicitly directing fees to attorneys and, comparing the EAJA with a provision in the Social Security Act ("SSA") making fee awards payable "to such attorney," the Court concluded that "given the stark contrast between the SSA's express authorization of direct payments to attorneys" and the absence of such language in the EAJA, it would not interpret the EAJA to "contain a direct fee requirement absent clear textual evidence supporting such an interpretation." (*Id.* at 593-98 (citing 42 U.S.C. § 406(b)(1)(A)). Nonetheless, district courts have recognized that *Ratliff* does not prevent payment of a fee award directly to the attorney where there has been a valid assignment and the plaintiff does not owe a debt to the

government. *See Bell v. Berryhill*, No. 16-cv-00809-MMC, 2018 WL 452110, at *5 (N.D. Cal. Jan. 17, 2018).

Attached to Plaintiff's Motion is an Affidavit and Waiver of Direct Payment executed by Plaintiff. (*See* Doc. No. 25, Exh. F.) The waiver states in pertinent part, "Lee Wesley Overton, hereby states the following:

.....

5. I hereby agree to waive direct payment of the EAJA fees and assign said fees to be paid directly to my attorney.

6. I understand that my attorney may still petition the Administration for legal fees for his or her work before the Administration that will be paid from my back benefits.

As the Plaintiff in this case, I hereby declare and affirm under penalty of perjury that the information above is true and correct." (*Id.*)

The Affirmation and Waiver was signed and dated by the Plaintiff on December 29, 2016. (*Id.*)

Despite the Plaintiff's waiver, the Defendant requests the Court to follow the United States Department of the Treasury's Offset Program and issue an order for EAJA fees – payable to Plaintiff, not her attorney – so that the government can determine that the Plaintiff does not owe a government debt that qualifies for offset. (Doc. No. 26 at 5.) Once it is determined that Plaintiff does not owe a government debt that qualifies for offset, then payment may be made in the name of the attorney based on the government's discretionary waiver of the requirements of the Anti-Assignment Act, 31 U.S.C. § 3727. (*Id.*)

While no evidence has been presented indicating the Plaintiff owes a debt subject to offset, the Court declines to Order that the EAJA fees be paid directly to Plaintiff's Counsel. After it is determined that the Plaintiff does not owe a government debt subject to offset, then payment may be made in Attorney Stuart T. Barasch's name.

///

## CONCLUSION

The Motion for Attorney Fees and Costs under the Equal Access to Justice Act is **GRANTED** in the amount of $9,004.37.[4] This award shall be payable directly to the Plaintiff and is subject to offset to satisfy any preexisting debt that Plaintiff owes the United States pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 594 (2010).

**IT IS SO ORDERED.**

Dated: December _11_, 2018

Hon. Roger T. Benitez
United States District Judge

---

[4] Counsel Time: <u>2016</u>: 1.4 (hours) x 192.68 (hourly rate) = $296.75, <u>2017</u>: 35.3 (hours) x 196.79 (hourly rate) = $6,946.69, <u>2018</u>: 1.4 (hours) x 200.78 (hourly rate) = $281.09; *combined* = **$7,524.53**; Paralegal Time: 8 (hours) x 100 (market rate) = **$800.00**; Costs: 17.24 (mailing costs) + 400 (filing fee) = **$417.24**; Continuing Litigation: 1.5 (hours) x 200.78 (hourly rate) = **$295.19**; Total = **$9,036.96**.